UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
EDWIN TORO,

        **Plaintiff,**        **ORDER**

     -against-         12-CV-4093 (RRM)

**THE CITY OF NEW YORK, ADMINISTRATION
FOR CHILDREN'S SERVICES; MAYOR
MICHAEL BLOOMBERG, COMMISSIONER
JOHN MATTINGLY, COMMISSIONER,
RONALD E. RICHTER, P.O.'s JOHN DOE #1-50,
TEAMSTERS LOCAL 237, PRESIDENT
GREGORY FLOYD, EMPLOYEE'S JOHN DOE
#1-50,** *each individually and in their official capacity*,

        **Defendants.**
------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

  On August 6, 2013, in response to a motion filed by defendants, this Court issued an order compelling *pro se* plaintiff Edwin Toro ("plaintiff") to produce certain documents related to his employment history. See Minute Order (Aug. 6, 2013) ("8/6/13 Order"), Electronic Case Filing Docket Entry ("DE") #40. Plaintiff allegedly produced some, but not all, of the responsive documents, and, therefore, on August 15, 2013, defendants filed a motion to compel plaintiff to fully comply with the Court's 8/6/13 Order. See Motion to Compel (Aug. 15, 2013) ("Def. Mot."), DE #42. The Court directed plaintiff to respond to defendants' motion by August 19, 2013, but plaintiff never did so. See Endorsed Order (Aug. 16, 2013), DE #43.

  In their motion, defendants assert that this Court directed plaintiff "to provide *all documentation* regarding his employment since leaving [the Administration for Children's

Services ("ACS")], including a release for records relating to his employment with the City Marshals." Def. Mot. at 1 (emphasis added). This statement, however, is not an accurate recounting of this Court's 8/6/13 Order. Rather, the Court directed plaintiff to produce a much narrower set of documents relating to his employment history. First, the Court directed that plaintiff provide documents sufficient to reflect any income plaintiff earned since his termination with ACS. See 8/6/13 Order at 1. Second, the Court ruled that defendants were entitled to all documents related to plaintiff's employment with the City Marshals (and, in conjunction with this determination, directed plaintiff to provide defendants with the appropriate records release form). See id. at 2. In doing so, the Court specifically rejected the defendants' broader request for all records related to plaintiff's work history.

Therefore, to the extent plaintiff has not provided defendants "with all documents relating to his employment since leaving ACS," see Def. Mot. at 1, plaintiff is not in violation of the 8/6/13 Order. However, because plaintiff has apparently failed to provide a release for documents concerning his employment with the City Marshals, plaintiff has violated this aspect of the Court's 8/6/13 Order.[1] Plaintiff is directed to provide defendants with the relevant release no later than September 9, 2013.

This is not the first time that plaintiff has failed to meet his discovery obligations or has been warned about the consequences of failing to comply with court orders. See Order (July

---

[1] With respect to the documents sufficient to identify plaintiff's post-termination income, defendants state that plaintiff provided "some financial information, such as paystubs and a W-2 form," but notably do not contend that plaintiff continues to withhold relevant financial information  See Def. Mot. at 2. Therefore, this Court declines to find that plaintiff violated that aspect of its 8/6/13 Order.

3, 2013) at 2, DE #36 (warning plaintiff that, if he did not provide overdue discovery responses, he would be sanctioned); Order (May 6, 2013), DE #13 (warning plaintiff that he was "expected to comply with all court orders and to cooperate with defense counsel in conducting discovery" and that the failure to do so would "result in the imposition of sanctions, including possibly dismissal of his claims").

The Court will not tolerate any further delays in this case. If plaintiff fails to provide the release ordered herein by the requisite deadline, the Court may impose and/or recommend sanctions, including, but not limited to, dismissal of his complaint.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**September 3, 2013**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**